■ HARRY L. LANGER, JR., Appellant, v LESLIE A. LANGER, Respondent. —In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, entered July 5, 1974, as, after a nonjury trial, (1) dismissed his action for divorce, (2) granted defendant a divorce on her counterclaim, (3) awarded alimony and child support and (4) awarded defendant the sum of $5,000 as an additional counsel fee. Judgment modified, on the law and the facts, by reducing the award of additional counsel fees set forth in the seventh decretal paragraph thereof to $2,500. As so modified, judgment affirmed insofar as appealed from, without costs. The award of an additional counsel fee was excessive to the extent indicated herein. Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.

■ GEORGE H. LEE, Appellant, v MICHAEL F. QUINN et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Dutchess County, entered December 4, 1974, in favor of defendants, upon a jury verdict. Judgment affirmed, without costs. There is a fair interpretation of the evidence which supports the jury's finding of contributory negligence. As to appellant's other argument, we note that no exception or request to charge was made. The error was not so fundamental or so potentially confusing as to require a new trial in the interests of justice (see *Whelehan v County of Monroe,* 35 AD2d 774). Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.

■ BATHSHEVA MANDEL, Respondent, v OHEL CHILDREN'S HOME FUND, INC., Appellant, et al., Defendant.—In an action *inter alia* for injunctive relief, in which plaintiff and defendant Ohel Children's Home Fund, Inc., entered into a stipulation of settlement in open court on February 28, 1973, the conditions of which were claimed to have been violated by plaintiff, the appeal is from a judgment of the Supreme Court, Kings County, entered December 19, 1974, which, after a nonjury trial, *inter alia,* awarded plaintiff $23,600, plus interest. Judgment affirmed, without costs. The trial court held that the incident of June 25, 1973 did not constitute such a substantial breach of the stipulation of settlement as to warrant relieving defendant Ohel Children's Home Fund, Inc., of its obligations thereunder. We agree. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.